UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LESTER D. SHIRAH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15 CV 1636 CDP |
| | ) | |
| AIR & LIQUID SYSTEMS CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Lester D. Shirah alleges he was injured after being exposed to asbestos while serving as a boiler tender in the U.S. Navy in the 1960s. Although he claims his exposure occurred outside the state of Missouri, he filed this lawsuit in Missouri state court. It was then removed to this court by defendant Crane Co. After removal, defendant CBS Corporation filed a motion to dismiss plaintiff's claims against it based on lack of personal jurisdiction. After a hearing on the record, I concluded that although CBS is a foreign corporation, it consented to personal jurisdiction in Missouri by appointing an agent for service in the state, *see Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196 (8th Cir. 1990), and I denied CBS's motion to dismiss. In the motion before me now, CBS asks for reconsideration of my denial of its motion to dismiss. Alternatively, CBS asks that I certify the issue of personal jurisdiction by consent for appeal to the Eighth

Circuit in accordance with 28 U.S.C. § 1292(b).  Also before me is a joint motion for voluntary dismissal filed by plaintiff and defendant Crown Cork & Seal Company.

**Discussion**

Because CBS's motion for reconsideration makes no new legal or factual arguments that convince me that my prior decision was in error, the motion for reconsideration will be denied.

I am also denying CBS's motion to certify this issue for interlocutory appeal. It has "long been the policy of the courts to discourage piece-meal appeals." *White v. Nix*, 43 F.3d 374, 376 (8th Cir.1994) (citing *Control Data Corp. v. International Business Machs. Corp.*, 421 F.2d 323, 325 (8th Cir. 1970)).  Motions to certify issues for interlocutory appeal should be "granted sparingly and with discrimination." *Id*. A district court should grant certification only where: (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation. *Id*. at 377 (citing *Paschall v. Kansas City Star, Co.*, 605 F.2d 403, 406 (8th Cir.1979)).

Here, certification will not materially advance the ultimate termination of the litigation.  There are currently approximately twenty defendants in this matter, each of whom may or may not be liable for plaintiff's asbestos exposure.  If CBS

were ultimately dismissed due only to lack of personal jurisdiction, it would not change the course of the case except to potentially delay resolution.  While a dismissal of CBS would obviously advance the case as to that defendant, an interlocutory appeal would only prolong the ultimate resolution of the action.  *See White*, 43 F.3d at 376 (8th Cir.1994) (Section 1292(b) should be used only in "exceptional cases where a decision on appeal may avoid protracted and expensive litigation").

Accordingly,

**IT IS HEREBY ORDERED** that defendant CBS Corporation's motion for reconsideration or for certification for interlocutory appeal [225] is **DENIED**.

**IT IS FURTHER ORDERED** that the joint motion for voluntary dismissal [244] is **GRANTED**, and this case is dismissed with prejudice as to Crown Cork & Seal Company only.

                                                                               */s/ Catherine D. Perry*
                                                              CATHERINE D. PERRY
                                                              UNITED STATES DISTRICT JUDGE

Dated this 19th day of September, 2016.